# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SIERRACIN CORPORATION, )
)
               Plaintiff, )
)
v. )   Case No. 02-1343-MLB
)
LEE AEROSPACE, INC. et al., )
)
              Defendants. )
_____ )

## MEMORANDUM AND ORDER

Before the Court is Defendants' and Non-party Triumph Group, Inc.'s Joint Motion for Protective Order and to Quash Subpoena Duces Tecum Directed to Non-Party Triumph Group, Inc.[1] (Doc. 100). The Court has resolved portions of this motion in two prior orders. In the first instance, the Court overruled Defendants' untimeliness objections and ordered the parties to meet and confer about the remaining issues. (Doc. 125.) In the second instance, the parties resolved many of the issues, but requested that the Court intervene to settle several limited remaining disputes. The Court issued an order disposing of all disputes, except a dispute about the discoverability of Triumph's requirements for LAI to be a viable acquisition candidate. (Doc. 128.) The Court required Defendants to

---

[1] Unless otherwise indicated, the Court will refer to Defendants and non-party Triumph Group, Inc. as "Defendants."

submit the acquisition requirements to the Court for *in camera* inspection.  The Court has reviewed the submission and is prepared to rule.

## BACKGROUND

The court has outlined the nature of this case in prior orders and will not repeat that summary here.  The specific request which led to the *in camera* inspection sought:

> Documents submitted to LAI by Triumph prior to or during the due diligence investigation in which Triumph sets forth the requirements for LAI to be an acquisition candidate, including:
> a) expectations regarding LAI's aerospace transparency manufacturing technology and capacity;
> b) commitments from airframe manufacturers to purchase transparencies manufactured by LAI independent of those transparencies manufactured as Sierracin's sub-contractor;
> c) the professional experience and capabilities of LAI's management personnel;

The Court requested *in camera* inspection of documents responsive to this request because it was not clear what type of proprietary information might be contained therein or whether such information would be relevant to this case.  The Court indicated that the acquisition requirements may contain information relevant to show motive and/or intent on the part of LAI to unfairly compete with Sierracin. (Doc. 128 at 9–10.)

Defendants' submission consists of a six page questionnaire ("Questionnaire"), apparently requesting information from LAI, and a letter of interest outlining the proposed sale of LAI to Triumph ("Letter of Interest"). As a practical matter, neither document establishes "requirements" for LAI to be an acquisition candidate, but the Questionnaire does indicate topics of interest to Triumph in connection with a possible merger and solicits information from LAI.

## DISCUSSION

The Court established the standard for relevance in the previous order on this motion (Doc. 128) and will not re-state those standards here.

The Questionnaire does not appear to contain any proprietary information, *i.e.,* generic standards or requirements for acquisition, that would be deserving of special protection based on confidentiality. Some of the requests seek information that may be relevant to prove LAI's motive or intent to compete unfairly with Sierracin, and is thus reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Court DENIES Defendants' motion to quash the subpoena with respect to the Questionnaire.

The Letter of Intent, likewise, does not appear to contain proprietary information except figures dealing with the sale price paid for LAI. The Court finds that such letter is within the broad scope of discovery under Fed. R. Civ. P.

26. Therefore, the Court DENIES in part Defendants' motion with respect to the Letter of Intent.  However, the Court has already determined that the sale price is not discoverable.  (Doc. 128 at 10–12.)  Therefore the Court will allow Defendants to redact any numerical figures indicating the sale price, including the amounts of payments made at closing and payments to be made subsequent to closing.

## CONCLUSION

Defendants' motion with respect to the Questionnaire and the Letter of Intent is DENIED, except that Defendants may redact numerical figures indicating the sale price from the Letter of Intent consistent with this Order.  The Court deems information required to be produced by this order as "Produced Documents" pursuant to the Confidentiality Agreement and Order in this case (Doc. 60), and the Court orders the parties to maintain the confidentiality of these documents consistent with that agreement.  The Court further orders Defendants to disclose the properly redacted documents to Plaintiffs within **10 days** of this Order.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas on this 9th day of May, 2005.

                                                  s/   Donald W. Bostwick  
                                                 DONALD W. BOSTWICK  
                                                 United States Magistrate Judge